IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALEXANDER OSBORNE,** )<br>No. N64390, )<br> )<br>           **Plaintiff,** )<br> )<br>      vs. )<br> )<br>**RUSSELL J. GOINS, et al.,** )<br> )<br>           **Defendants.** ) | Case No. 16-cv-00504-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Alexander Osborne is an inmate currently housed in Lawrence Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff, who is a Rastafarian, brings this action for deprivations of his constitutional rights with respect to his dreadlocks being shaved off his head by the defendant prison officials. The newly filed Complaint has yet to be reviewed as required under 28 U.S.C. § 1915A, but Plaintiff's "Motion for Temporary Restraining Order" (Doc. 3), will be taken up immediately. As a preliminary matter, the Court observes that Plaintiff cites to Federal Rule of Civil Procedure 65(a) and refers to a hearing being held, which suggest a motion for a preliminary injunction rather than a temporary restraining order under Rule 65(b). In either event, the motion fails.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also

warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction, unlike a TRO under Rule 65(b), is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted).

Plaintiff's Complaint and motion for injunctive relief indicate that in 2014, after Plaintiff refused on multiple occasions to cut his dreadlocks, his head was forcibly shaved bald. Plaintiff wears dreadlocks as part of his religious beliefs and before the 2014 incident, he had never cut his hair. Plaintiff seeks an injunction prohibiting prison officials from shaving his hair—or the hair of *any* other Rastafarian—now and in the future. He would also have the Court prohibit related harassment, intimidation, excessive force, threats of placement in segregation and retaliation.

There is no indication that Plaintiff's hair has grown back to such a length that he is again being directed to cut his hair. There is no indication of *any* present or imminent action by prison officials. Furthermore, assuming there is a prison policy that poses a more immediate danger to other Rastafarian prisoners, those prisoners may seek an injunction on their own as Plaintiff cannot represent others and no class action has been certified at this juncture. Therefore, neither a TRO nor a preliminary injunction is warranted.

The required preliminary review of the Complaint will follow in due course.

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion for injunctive relief (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

**DATED: May 10, 2016**

<u>s/ STACI M. YANDLE</u>
**United States District Judge**