## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALEXANDER OSBORNE, No. N64390** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 16-cv-504-SMY** |
| | ) | |
| **RUSSELL J. GOINS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, an inmate at the Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights with respect to his dreadlocks being shaved off his head by the defendant prison officials.  Plaintiff seeks declarative relief, injunctive relief and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff is a 59 year-old man.  He suffers from Hepatitis C, diabetes, osteoporosis and neuropathy.  (Doc. 1, p. 4).  He has limited movement and needs assistance, for which he is assigned an inmate helper.  (Doc. 1, p. 4-5).  Plaintiff also uses a wheelchair to get around.  (Doc. 1, p. 5).

Plaintiff has been a Rastafarian for more than 30 years.  (Doc. 1, p. 5).  It is against Plaintiff's religious beliefs to cut or comb his hair.  (Doc. 1, p. 5).  On December 26, 2013, Defendant Goins issued Plaintiff a direct order to cut his dreadlocks.  (Doc. 1, p. 7) (Doc. 1-1, p. 5).  He told Plaintiff if he removed the dreadlocks on his own, he could keep his prison job.  (Doc. 1, p. 7).  Plaintiff responded that he was a Rastafarian and could never cut or comb his hair due to his religious beliefs.  (Doc. 1, p. 7).  Goins then issued an inmate disciplinary report ("IDR") and instructed Defendant Buchner to escort Plaintiff to segregation.  (Doc. 1, p.7).

2

Plaintiff was disciplined with one month C grade and 1 month segregation on December 30, 2013.  (Doc. 1-1, p. 5).

On December 28, 2013, Defendant Lamb came to Plaintiff's segregation cell and asked Plaintiff to cut his dreadlocks.  (Doc. 1, p. 7) (Doc. 1-1, p. 6).  Plaintiff once again refused on religious grounds.  (Doc. 1, p. 7).  Defendant Hodge then called Plaintiff to the internal affairs office and tried to convince him to cut his hair by promising to allow him to keep his prison job in the kitchen.  (Doc. 1, p. 7).  Plaintiff informed Hodge that his religious beliefs prohibited him from cutting his hair and that there were recent court rulings against forcible cutting.  (Doc. 1, p. 7).  Hodge said he would call out the tactical team to make Plaintiff cut his hair.  (Doc. 1, p. 7).  Plaintiff was issued an IDR for this incident and on January 1, 2014,  was disciplined with 1 month C grade and 1 month segregation.  (Doc. 1-1, p. 6).

On December 31, 2013, Defendant Zollars came to Plaintiff's cell and asked him again to cut his dreadlocks.  (Doc. 1, p. 8) (Doc. 1-1, p. 7).  This time, the tactical team was called out. (Doc. 1, p. 8).  Plaintiff was placed in mechanical restraints, sprayed with pepper spray and his hair was cut off.  (Doc. 1, p. 8).  Defendants Harper, Ginder, Jenkins, Stout, Vaughn and Carie were on the tactical team.  (Doc. 1, p. 8).  The team also jumped on Plaintiff, slammed their shields down on his back and ran his head into the wall.  (Doc. 1, p. 8).  They cut off his eyebrows along with his hair.  (Doc. 1, p. 8).  Plaintiff was in serious pain and could not breathe because of the pepper spray, but the above-mentioned defendants denied him medical treatment. (Doc. 1, p. 9).  Plaintiff alleges that this amount of force used was unnecessary, as he already suffers from medical aliments that make moving around difficult.  (Doc. 1, p. 9).  Plaintiff was issued an IDR for this incident as well and given 1 month C-grade on January 8, 2014.  (Doc. 1-1, p. 7).

Based on the allegations of the Complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into 4 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** **Defendants Goins, Hodge, Lamb, Buchner, Harper, Zollars, Jenkins, Stout, Vaughn, Carie, and Ginder violated Plaintiff's First Amendment rights when they ordered him to cut his hair and then forcibly cut his hair, which is forbidden by Plaintiff's religious beliefs**

> **COUNT 2:** **Defendant Duncan violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) when his staff forcibly cut Plaintiff's hair, which is forbidden by Plaintiff's religious beliefs**

> **COUNT 3:** **Defendants Harper, Ginder, Jenkins, Stout, Vaughn, and Carie used excessive force on Plaintiff, in violation of the Eighth Amendment, when they pepper sprayed him, jumped on him, hit him with their shields, pushed his face into the wall, and forcibly cut his hair and eyebrows**

> **COUNT 4:** **Defendants Harper, Ginder, Jenkins, Stout, Vaughn, and Carie were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when they denied him medical care for his injuries after the December 31, 2013 incident**

## DISCUSSION

**Count 1** survives threshold review. "[A] prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir 1990). To state a claim under the Free Exercise Clause of the First Amendment, a plaintiff must allege facts to suggest that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Here, Plaintiff asserts that Defendants Goins, Hodge, Lamb, Buchner, Harper, Zollars, Jenkins, Stout, Vaughn, Carie and Grinder forced him to remove his dreadlocks in

4

violation of his religious tenets. That is sufficient to state an arguable claim at the screening stage.

All counts, however, must be dismissed as to Defendant Boldrey as Plaintiff does not mention him in the narrative section of his Complaint. He only references Boldrey by including him the caption of the case and there are no factual allegations relative to him. Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). For these reasons, Defendant Boldrey will be dismissed from this action without prejudice.

As to **Count 2**, Plaintiff has alleged that each defendant infringed on his rights under the RLUIPA. To state a claim under the Act, a prisoner must allege facts tending to show "that he seeks to engage in an exercise of religion" and that "the challenged practice substantially burdens that exercise of religion." *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008). Although Plaintiff makes this claim against all named defendants, the "remedy available" under the Act is "limited to declaratory or injunctive relief." *West v. Grams*, 607 F. App'x. 561, 566 (7th Cir. 2015). That said, Plaintiff seeks a declaration that his rights have been violated and further requests that all Rastafarians be allowed to wear dreadlocks without being harassed, intimidated, retaliated against, threatened with segregation placement or assaulted. That is sufficient to state an arguable claim under the Act, at least at screening review. Additionally, while Plaintiff's requests for injunctive relief are tenuous given that he makes no recent allegations concerning his dreadlocks, the Court cannot say at this very early stage that his injunctive requests should be

dismissed at screening. Accordingly, **Count 2** may proceed to the extent it seeks ongoing injunctive relief. However, although Plaintiff has alleged that all defendants violated his rights under RLUIPA, most of the defendants are not in a position to carry out injunctive relief. Plaintiff has named Stephen Duncan, the warden of Lawrence, as a defendant, although he has not included any factual allegations against him. The Court therefore presumes that Plaintiff has named Duncan for the purposes of injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (finding that the warden of an institution is the appropriate party for injunctive relief). **Count 2** proceeds against Defendant Duncan.

**Count 3** alleges that Defendant Harper, Ginder, Jenkins, Stout, Vaughn and Carie (hereinafter "tactical team defendants") used excessive force when they cut Plaintiff's hair. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)); *Santiago v. Walls*, 500 F.3d 749, 757 (7th Cir. 2010); *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Factors that guide the Court's analysis of whether an officer's use of excessive force was legitimate or malicious are the need for an application of force, the amount of force used, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury suffered by the prisoner. *Hudson*, 503 U.S. at 7; *Hendrickson*, 589 F.3d at 890; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

Here, Plaintiff has alleged that as an infirm inmate, he was largely incapable of putting up a fight against the guards.  He has further alleged that when he refused to cut his hair, he was "jumped on," pepper sprayed, hit with the tactical team shields and that his head was run into the wall.  Given these allegations, the claims against the tactical team guards in **Count 3** will be permitted to proceed.

As to **Count 4**, although the tactical team defendants are not medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).  Thus, the defendants who allegedly perpetrated the assault and then allegedly prevented Plaintiff from getting immediate medical attention for his injuries, may be found liable for deliberate indifference to Plaintiff's need for medical care.  Therefore, Plaintiff's claim against these defendants cannot be dismissed.

For the foregoing reasons, all four of Plaintiff's counts will  proceed at this time.

### DISPOSITION

**IT IS ORDERED** that Defendant Boldrey will be **DISMISSED without prejudice** for failure to state a claim upon which relief could be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for  Defendants Duncan, Goins, Hodge, Lamb, Buchner, Harper, Zollars, Jenkins, Stout, Vaughn, Carie and Ginder:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

s/ STACI M. YANDLE
United States District Judge