# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXANDER OSBORNE, N64390, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-504-SMY-RJD |
| RUSSELL GOINS, MARC G. HODGE, STEVE DUNCAN, NICHOLAS LAMB, MARTIN BUCHNER, JERRY HARPER, JASON ZOLLARS, MARCUS JENKINS, ANDY STOUT, BENJAMIN VAUGHN, JANA CARIE and JASON GINDER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now before the Court is Defendants' Motion for Summary Judgment (Doc. 35). Plaintiff did not file a response. For the following reasons, Defendants' motion is **DENIED**.

### Background

Plaintiff Alexander Osborne is an Illinois Department of Corrections ("IDOC") inmate and Defendants are IDOC employees. Osborne filed suit on May 6, 2016 (Doc. 1). Osborne asserts states in his Complaint that he is a Rastafarian and that it is against his religious beliefs to cut or comb his hair. He alleges that in late December 2013, Defendants violated his constitutional rights by subjecting him to excessive force, forcibly cutting off his dreadlocks and denying him medical treatment for his injuries.

1

The Court screened Osborne's Complaint pursuant to 28 U.S.C. § 1915A and found that Osborne articulated the following colorable claims:

**COUNT 1:** Defendants Goins, Hodge, Lamb, Buchner, Harper, Zollars, Jenkins, Stout, Vaughn, Carie, and Ginder violated Plaintiff's First Amendment rights when they ordered him to cut his hair and then forcibly cut his hair, which is forbidden by Plaintiff's religious beliefs.

**COUNT 2:** Defendant Duncan violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) when his staff forcibly cut Plaintiff's hair, which is forbidden by Plaintiff's religious beliefs.

**COUNT 3:** Defendants Harper, Ginder, Jenkins, Stout, Vaughn, and Carie used excessive force on Plaintiff, in violation of the Eighth Amendment, when they pepper sprayed him, jumped on him, hit him with their shields, pushed his face into the wall, and forcibly cut his hair and eyebrows.

**COUNT 4:** Defendants Harper, Ginder, Jenkins, Stout, Vaughn, and Carie were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when they denied him medical care for his injuries after the December 31, 2013 incident. (Doc. 12).

The events that give rise to this litigation occurred while Osborne was an inmate at Lawrence Correctional Center. He alleges the following in his Complaint. He has been a Rastafarian for more than 30 years and pursuant to his religious beliefs, does not cut or comb his hair (Doc. 1, p. 5). Osborne is also 61 years old and physically disabled. *Id*. at p. 4. He suffers from diabetes, neuropathy and has limited mobility. *Id*. at p. 4.

In late 2013, Osborne was ordered by Lawrence staff to cut his hair. *Id*. at p. 8. He refused, and as a result, he was placed in the disciplinary segregation unit. *Id*. at p. 8. Lawrence staff again ordered Osborne to cut his hair and he refused to consent. *Id*. at p. 8. The prison administration then directed a tactical team to cut Osborne's hair. *Id*. at p. 8. The tactical team went into Osborne's cell, sprayed him with pepper spray, pushed him against a wall and cut his hair. *Id*. at p. 9. Defendants then refused to provide medical treatment for his resulting injuries. *Id*. at p. 9.

According to Defendants' motion for summary judgment, Osborne filed two relevant prison grievances pertaining to the events in this lawsuit. First, Osborne drafted a grievance dated February 12, 2014 (Doc. 36-3, p. 2). Under "Nature of Grievance," Osborne marked "Staff Conduct." *Id*. In the "Summary of Grievance" portion of the grievance form, Osborne wrote in part that the prison tactical unit "came to my cell, A-L-11, pepper sprayed me, chained me up and forcible [sic] cut my dreadlock." *Id*. at p. 3. Osborne sent the grievance directly to the IDOC Administrative Review Board ("ARB"), thereby bypassing his prison counselor and the Lawrence grievance officer. *Id*. at p. 1. As a result, the ARB rejected the grievance on the basis that it was procedurally defaulted. *Id*. at p. 1.

Osborne's second grievance also challenges staff conduct (Doc. 36-4, p. 3). In the "Summary of Grievance" portion of the form, Osborne wrote:

> On 12-20-13 I was sent an emergency [illegible], 6 days later Major Goin [sic] told me that I had to cut my dreadlock or go to seg. I am a Rastafarian cutting my hair is against my religion, so I was taken to seg. From the cell house 4 C [illegible] which started the process of my dreadlocks being forcibly cut violating my 1 (First), 8th and 14th Amendment [sic]. I[n] total received 3 I.D.R.s altogether I got 60 day in seg. 90 day C-Grade and my dread forcible cut [sic].

*Id*. at pp. 3-4. In the "Counselor's Response" section of the grievance form, Osborne's counselor, D. Musgrave, noted that she received the grievance on February 20, 2014. *Id*. at p. 3. Musgrave wrote:

> Departmental Rule 502 allows for imposition of individual grooming policy when a security risk exists. You refused three direct orders to have haircut and [illegible]. Therefore, tact team was directed to forcibly cut hair. See pg. 19 of offender orientation manual.

*Id*. at p. 3. The document is signed "D. Musgrave" and dated March 13, 2014. *Id*. at p. 3.

Osborne then submitted the grievance to the Lawrence grievance officer (Doc. 36-4, p. 2). The grievance officer recommended that the grievance be denied, noting, "D.R. 504

procedures were followed and I find no grounds to change the decision or the disciplinary action." *Id*. On July 1, 2014, the Lawrence warden affirmed the grievance officer's recommendation. *Id*. After receiving the warden's response, Osborne appealed the decision to the ARB. *Id*. at p. 1. The ARB received the appeal on July 21, 2014, and on February 4, 2015, issued a ruling upholding the denial of the grievance. *Id*. at p. 1.

**Discussion**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the facts and reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). However, the Court will not "weigh evidence, make credibility determinations, resolve factual disputes and swearing contests, or decide which inferences to draw from the facts." Miller v. Gonzalez, 761 F.3d 822, 827 (7th Cir. 2014). If a genuine dispute of material fact exists as to whether a prisoner properly exhausted administrative remedies, the Court (and not a jury) shall resolve such factual disputes by holding a *Pavey* evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

The Prison Litigation Reform Act states in part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If an inmate fails to exhaust administrative remedies prior to filing suit, the defendants may raise lack of exhaustion as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919, 166 L. Ed. 2d 798 (2007). An inmate's lack of exhaustion may be excused if the administrative remedies process was

4

"unavailable" to a prisoner, such as when prison officials thwart or obstruct the grievance process. *Ross v. Blake*, 136 S. Ct. 1850, 1860, 195 L. Ed. 2d 117 (2016).

The IDOC implements a three step grievance process. First, an inmate must attempt to resolve the issue with his counselor. 20 Ill. Admin. Code § 504.810(a). If the inmate is dissatisfied with the counselor's response, he may proceed to step two by filing a grievance with the institution's grievance officer who then makes a recommendation for the prison warden. *Id*. The warden then issues a ruling on the grievance. If the inmate is dissatisfied with the warden's decision, he may appeal the grievance to the ARB in Springfield. 20 Ill. Admin. Code § 504.850(a). The grievance process is completed when the ARB issues a decision.

Here, Defendants present two arguments. First, they argue that the February 12, 2014 grievance was procedurally defaulted and not properly completed. The Court agrees. There is no evidence that Osborne submitted the February 12, 2014 grievance to his counselor or to the prison grievance officer. Instead, he skipped two steps and submitted the grievance directly to the ARB. In doing so, he clearly failed to comply with the IDOC grievance procedures. Therefore, as Defendants correctly assert, the February 12, 2014 grievance was procedurally defaulted.

Defendants also argue that Osborne's second grievance failed to exhaust administrative remedies because "Plaintiff's undated grievance from February 2014 dealt specifically with due process violations and not with the issues raised in Plaintiff's Complaint." However, this is too narrow an interpretation of Osborne's grievance. Osborne's second grievance is not a model of specificity, but he did clearly articulate that he was upset that prison staff cut off his dreadlocks and that he was issued 3 I.D.R.s (inmate disciplinary reports). Significantly, he also asserts in the grievance that cutting his hair is against his religion and violates his First Amendment rights.

5

Although Defendants may have desired more detail, "the grievance is not a summons and complaint that initiates adversarial litigation." *Jones v. Bock*, 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007) (*quoting Johnson v. Johnson,* 385 F.3d 503, 522 (5th Cir. 2004)). This entire lawsuit stems from the fact that Defendants forced Osborne to have his dreadlocks cut. The second grievance clearly puts the defendants on notice of that fact. Osborne therefore properly completed the IDOC administrative remedies process and Defendants' motion is denied.

**IT IS SO ORDERED.**

**DATED: November 27, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**